UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| Elizabeth and Jonathan Perez,<br><br>      Plaintiff,<br><br>vs.<br><br>El Paso Area Teachers Federal Credit Union;<br>Equifax Information Services LLC; Experian<br>Information Solutions Inc.,<br><br>      Defendants. | Case No.: 3:19-cv-00218<br><br><br><br><br><br>**COMPLAINT** |

Plaintiffs allege:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendants violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA").

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this district under 28 U.S.C §1191(b).

## PARTIES

4. Plaintiff Elizabeth Perez is a natural person, whom resides in El Paso, Texas.

5. Defendant El Paso Area Teachers Federal Credit Union ("EPAT") is a business entity that regularly conducts business in Texas with its principal place of business as 12020 Rojas Drive, El Paso, Texas 79936. EPAT is a "furnisher", as used in 15 U.S.C. § 1681s-2.

6. Defendant Experian Information Solutions, Inc. ("Experian") is a business entity that regularly conducts business in Texas with its principal place of business as 475 Anton Blvd. Costa

Mesa, California 92626. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

7.     Defendant Equifax Information Services LLC ("Equifax") is a business entity that regularly conducts business in New York with its principal place of business as 1550 Peachtree St. NW, Atlanta, Georgia. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

## FACTUAL STATEMENT

8.     In 2012, Plaintiffs incurred an alleged debt from Defendant EPAT, for an auto loan.

9.     In 2013, as a result of an alleged failure to make timely payments on the alleged auto loan, EPAT repossessed Plaintiffs' vehicle.

10.    After repossession of the vehicle, Defendant EPAT started reporting two separate credit entries on Plaintiffs credit reports. Both entries were reported with a repossession. In fact, there was only one repossession and only one account with EPAT.

11.    Plaintiffs recognized the error and began disputing the duplicate trade lines with Defendants Equifax and Experian.

12.    After receiving Plaintiffs disputes, Equifax and Experian forwarded Plaintiffs disputes to EPAT.

13.    EPAT failed to conduct an investigation, and intentionally continued reporting two repossession trade lines for one account.

14.     Experian failed to conduct a reasonable investigation and continued to allow EPAT to report two trade lines for a single debt.

15.     Equifax failed to conduct a reasonable investigation and continued to allow EPAT to report two trade lines for a single debt.

16.     Having two repossessions on their credit reports, has significantly damaged Plaintiffs credit scores and credit worthiness and hindered their ability to obtain credit.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## AS TO EQUIFAX INFORMATION SERVICES LLC AND
## EXPERIAN INFORMATION SOLUTIONS INC.

17.     Plaintiff repeats the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

18.     Defendants Equifax and Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiffs as that term is used and defined under 15 U.S.C. § 1681a.

19.     Equifax and Experian negligently and/or willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiffs, in violation of 15 U.S.C. § 1681e(b).

20.     After receiving Plaintiffs disputes highlighting the errors, Equifax and Experian negligently and/or willfully failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i. Had they conducted a reasonable investigation they would have recognized that the EPAT report is a duplicate.

21.     Further, concerning the second trade line added by EPAT, this trade line was reporting as a charge account while simultaneously reporting a repossession. A charge account cannot have a

repossession. Had Equifax and Experian conducted a proper reinvestigation, they would have recognized that monthly payment obligation was erroneous.

22.     As a direct and proximate cause of Equifax's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

23.     Equifax's conduct, action and inaction was willful, rendering Equifax liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Equifax was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant her a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## COUNT II
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## AS TO EL PASO AREA TEACHERS FCU

24.     At all times pertinent hereto, EPAT was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

25.     EPAT willfully and negligently supplied the credit reporting agencies with information about Plaintiff that was false, misleading, and inaccurate.

26.     EPAT willfully and negligently failed to conduct an investigation of the inaccurate information that Plaintiff disputed.

27.     EPAT willfully and negligently failed to report the results of its investigation to the relevant consumer reporting agencies.

28.     EPAT willfully and negligently failed to properly participate, investigate, and comply with the reinvestigations that were conducted by any and all credit reporting agencies, concerning the inaccurate information disputed by Plaintiff.

29.     EPAT willfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to credit reporting agencies.

30.     EPAT willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

31.     EPAT's conduct, action and inaction was willful, rendering Defendants liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, EPAT's conduct was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant her a judgment against EPAT for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: August 6, 2019.

Respectfully Submitted,

*/S/ Daniel Zemel*
Daniel Zemel, Esq.
Zemel Law LLC
1373 Broad St. Suite 203-C
Clifton, NJ 07013
T: (862) 227-3106
DZ@zemellawllc.com
Attorneys for the Plaintiff

5